Wiltse vs. The Town of Tilden.

WILTSE, Administratrix, Respondent, vs. THE TOWN OF
TILDEN, Appellant.

*May 20 — June 21, 1890.*

(*1–3*) *Recovery for death of person: Pleading: Evidence: Damages.* (*4*) *Defective highway: Overflow: Duty to give warning.* (*5*) *Evidence: Opinions.*

1. In an action to recover for the death of a girl, a complaint alleging that the plaintiff, who sues as administratrix, was the mother of the intestate and dependent upon her in a large degree for support and had suffered pecuniary injury by reason of her death to an amount stated, is *held* sufficiently to show that the plaintiff was a person entitled to the money when recovered.

2. Evidence, in such case, that the plaintiff had been divorced from her husband and that the custody of the girl had been awarded to her, and evidence of her pecuniary necessities and of the education and capacity of the girl for earning money, was admissible.

3. A verdict, awarding $2,000 to a mother for the death of her daughter sixteen years old, upon whom she was largely dependent for support and who had some capacity for earning money, is *held* not excessive.

4. In an action against a town for the death of a person resulting from defects in a highway caused by an overflow of a neighboring creek, a charge to the jury that if the dangerous condition of the road at the time of the accident might reasonably have been anticipated by the town authorities, in view of the previous known defects therein and the nature of the creek, it was their duty to have closed up the road until it was repaired, or to have provided means for warning travelers of the danger, is *held* not erroneous.

5. The opinions of witnesses upon questions which the jury are as competent to determine as they, are inadmissible.

APPEAL from the Circuit Court for *Chippewa* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This is an action for damage by reason of the death of the plaintiff's intestate, caused by a defective highway. It appears from the record that the Bloomer road runs northerly from Chippewa Falls; that upon that highway, and

about six miles north from Chippewa Falls, the Cook's Valley road, so called, branches off and runs in a northwesterly direction to a place called "Cook's Valley;" that about eighty rods from the Bloomer road the Cook's Valley road crosses what is known as "Duncan Creek," which at that place comes down on the northeasterly side of that highway, and then crosses to the southerly side of the same, and runs for some distance along that side of it, and then turns and runs nearly south; that in a high stage of water that creek spreads out over considerable portions of the Cook's Valley road; that between Chippewa Falls and Cook's Valley there was a stage line which carried the United States mail; that one Whittemore had driven that stage during the summer of 1887; that he was again employed in April, 1888, and started on his first trip from Chippewa Falls about twenty minutes after 7 o'clock on the morning of April 28, 1888, with a single seated buggy, taking with him, as his only passenger, Kate Wiltse, the intestate, a girl between sixteen and seventeen years of age; that it was a stormy morning, raining most of the time.

Whittemore testified to the effect that he was, at the time, upwards of twenty years of age; that he had earned his own living since he was twelve, working about the woods, on the river, and driving livery, stage, etc.; that he reached Duncan creek about 9 o'clock of the morning mentioned; that as he drove down the hill towards the creek he looked across, and could see the bridge all right, about two feet above the water in the creek; that the land between him and the bridge was considerable lower than the bridge; that the water was running over the road in such low portions; that from the looks he thought it was all right; that he drove right along a little ways, and then went out and unchecked the horse, so he could drink; that he started along and drove the horse into the water, where at first it was a

little above his ankles, and then went along until the water got pretty near up to his knees; that there then seemed to be a kind of hill, and the horse stopped, and then started, when the water was about to his ankles again and dirty; that the girl then said, "I guess we are all right now;" that he replied that he guessed so; that "just then the horse went right off in on his head;" that the "hole was right in the center of the traveled track," and some two or three rods from where he first drove into the water; that the bridge was some four to eight rods beyond the hill; that "we went right off into the hole on the plunge, and swung right around to the left, and tipped the buggy over;" that he caught the girl with his left hand, and they both fell out of the buggy at the same time; that he could not tell the depth of the hole, but that it was something like six or eight feet; that he swam with the girl a little piece, and then went under the water; that when he came up they were about six feet out from the shore; that he caught the brush with his right hand, and then turned around and went under the water, and came up eight or ten feet below, and that was the last he saw the girl before she was dead; that half an hour after the accident the water in the creek was two or three feet higher than when he first drove into it; that after going to Chippewa Falls and returning, and between 1 and 2 o'clock of the same day, the water was five or six feet deeper than at the time of the accident.

The plaintiff was appointed administratrix of the estate of said deceased, and commenced this action to recover damages by reason of the girl's death. The complaint is in the usual form in such cases. The answer denies the alleged defect in the highway, and alleges contributory negligence. At the close of the trial the jury returned a general verdict in favor of the plaintiff, and assessed the damages at $2,000. They also, in answer to a special ques-

tion submitted, found, in effect, that neither the deceased nor the driver with whom she was voluntarily riding was guilty of any want of ordinary care at the time of the accident, which contributed to the happening of the accident. From the judgment entered upon such verdict the defendant appeals.

*Arthur Gough*, attorney, and *John J. Jenkins*, of counsel, for the appellant, contended, *inter alia*, that a complaint under sec. 4256, R. S., is not sufficient unless it specifies the particular relatives who are legally entitled to the damages. So far as the complaint in this case shows the deceased may have left a husband and descendants, or a father as well as a mother. *Burlington & M. R. Co. v. Crockett*, 17 Neb. 570; *Safford v. Drew*, 3 Duer, 627; *Regan v. C., M. & St. P. R. Co.* 51 Wis. 599. Evidence of the mother's pecuniary circumstances should not have been admitted. *Indianapolis, P. & C. R. Co. v. Pitzer*, 109 Ind. 179; *Mayhew v. Burns*, 103 id. 328; *Rooney v. Milwaukee Chair Co.* 65 Wis. 397.

For the respondent there was a brief by *Anderson & Bowe*, attorneys, and *T. J. Connor*, of counsel, and oral argument by *Mr. Connor*.

CASSODAY, J. A careful examination of the printed case convinces us that there is sufficient evidence to support the general verdict and also the particular finding against contributory negligence; and hence there was no error in refusing to nonsuit the plaintiff or set aside the verdict on that ground. The law in respect to such cases has been fully considered in *Hopkins v. Rush River*, 70 Wis. 10, and *Jung v. Stevens Point*, 74 Wis. 547.

This action is brought under secs. 4255, 4256, R. S. It is claimed that the complaint does not sufficiently allege the representative character of the plaintiff to sustain this action. It alleges, in effect, that the plaintiff was the mother

Wiltse vs. The Town of Tilden.

of the intestate, and dependent upon her in a large degree for support, and had suffered pecuniary loss, damage, and injury by reason of her death, in the sum stated. The statute provides that "every such action shall be brought by and in the name of the personal representative of such deceased person, and the amount recovered shall belong and be paid over to" the person or persons entitled as therein designated. Among the persons thus designated are, in default of descendants, the deceased's "lineal ancestors," which, of course, include her mother. It will be observed that the action is to be brought by and in the name of the personal representative of such deceased person; that is to say, by the executor or administrator of the estate of the deceased in his representative capacity. *Whiton v. C. & N. W. R. Co.* 21 Wis. 310. Here the mother, as administratrix, brings this action as such personal representative.

Of course it must appear by pleading and proof that there is a person in being who is entitled to the money when recovered. *Woodward v. C. & N. W. R. Co.* 23 Wis. 400. Here the facts alleged sufficiently show the mother to be such a person. If there is any one else entitled, such claim can be considered on the distribution of the fund. In this connection it was proper to admit in evidence the judgment of the divorce of the plaintiff, and the awarding of the custody of the girl to the mother, and also evidence of her pecuniary necessities, and the education and capacity of the girl for earning money; and hence the objections to such testimony were properly overruled. *Johnson v. C. & N. W. R. Co.* 64 Wis. 425.

We must sustain the court in rejecting improper cross-examinations and leading questions. The court properly rejected the opinions of witnesses upon questions which the jury were as competent to determine as the witnesses, and also as to what other witnesses did in marking the stage of the water; also as to whether the brush, at the begin-

ning of the Cook's Valley road, had previously been placed there to direct travelers to go by a different route.

Exception is taken because the court in charging the jury stated, in effect, that the defendant admitted, or there was no question on the evidence, that the highway, at the time and place mentioned, was unsafe and out of repair, but that the defendant claimed that it had become so suddenly, and by an extraordinary rainfall, etc. It seems to us that such statement was fully justified by the evidence in the record. Exception is also taken because the court charged the jury that, " if you believe that the defendant had notice of the condition of the road as it was immediately *before the rise* of water in the creek,— *and of that, on the evidence, there can be no question,*— you will consider whether the condition of the highway on the morning of the accident, after the water had overflowed the road, considering the previous defects and the nature of the creek, was one that might reasonably have been anticipated by the town authorities. If the condition of the road immediately preceding the rise of water was such that the dangerous condition caused by such rise of water might reasonably have been expected by such town authorities, and the notice of such previous condition, then it was incumbent on the part of the town to either have closed up the road till it was repaired, or provided such means as to have warned persons traveling on such highway, in the exercise of ordinary care, of the danger." This portion of the charge seems to be sufficiently guarded, and was, as we think, justified by the evidence. The charge of the learned circuit judge is full and fair, and we find no error in it.

It is claimed that the damages are excessive. But we do not feel authorized by the record to say that the jury were misled either by passion, prejudice, or ignorance, and hence, under the repeated rulings of this court, we are not authorized to interfere. *Johnson v. C. & N. W. R. Co.* 64 Wis.

431, 432, and cases there cited. In such a case the jury may take into account the reasonable expectation of pecuniary benefit from the continuance of the life, even beyond the minority. *Ibid.*

*By the Court.*— The judgment of the circuit court is affirmed.