Bcjrket, J.
In an action by the personal representative for the recovery of damages for death caused by wrongful act, neglect or default under sections 6134 and 6135, Revised Statutes, ‘ ‘the jury may give such damages, not exceeding ten thousand dollars as they may think proportionate to the pecuniary injury resulting from such death to the persons respectively for whose benefit such action shall be brought.” The measure of damages is the pecuniary injury to “the wife or husband and children, or if there be neither of them, then to the parents and next of kin” of the deceased. The damages are limited to the pecuniary injury, and nothing can be allowed on account of bereavement, wounded affections, pain or suffering. The money value of such loss, by reason of the death, is the limit of the recovery.
But how shall this pecuniary injury to the survivors be ascertained and measured by the jury? *15 Manifestly it must be determined by the jury from the evidence in the case, and not merely by guess. Such facts should be established in the ease by evidence as will enable the jury to fix the amount of the pecuniary loss to each person entitled to share in the recovery, and the jury should confine the ver die b to the amount of loss so proven. To warrant a recovery at all it must be shown by evidence that in the usual course of events in life the beneficiary would have received financial aid from the deceased had he lived, and the approximate amount of such aid. This may be shown by evidence tending to prove that in the life time of the deceased- he supplied aid, support or financial assistance to the beneficiary and would likely have continued to do so in the future had he lived. The relation of the deceased to the beneficiary may also be shown and his disposition and good will toward him as likely to result in gifts or inheritances, and to that end his age, health and ability to make and save money may. be shown. Grotenkemper v. Harris, 25 Ohio St., 510. It may also be shown that the beneficiary is in such financial circumstances and health as to need the aid of the deceased, coupled with the fact that such aid was to some extent supplied during the life of the deceased, and a reasonable expectation under the circumstances that such aid would continue in the future. In the case of parents it may be shown that they were in circumstances and health requiring that the deceased child should aid them by his services, not only during minority, but thereafter. In such cases the financial circumstances and health of the parents are very important, because a parent in poor circumstances would likely be compelled to depend • largely upon his minor *16 children for support, while a rich parent would receive no financial aid from his minor children, and on the contrary would find them a financial burden upon his hands. A rich parent whose child is a continued finaucial expense to him and who has no reason to expect financial aid from such child sustains little, if any. pecuniary injury from its death beyond the' funeral expenses; while a poor parent, and especially if in bad health, might reasonably expect substantial aid from his child, not only during its minority, but for years thereafter.
The jury should be governed by the circumstances of each case as shown by the evidence, and return a verdict for such an amount as the evidence shows the reasonable pecuniary loss to be, and if no pecuniary loss is proven, the verdict should be for the defendant.
It was held in the case of Chicago v. Major, 18 Ill., 349, that this pecuniary loss the jury is to estimate from the facts proven. In Potter v. Railroad Co., 22 Wis., 615, it was held that the verdict of the jury must be based upon the evidence, not that the evidence must create a certainty beyond what is possible in the nature of things, but that in so far as the estimate relates to the future, it should show a reasonable probability that the pecuniary loss would be equal to the amount found by the verdict. And in Steel v. Kurtz, 28 Ohio St., 191, this court held that the amount of damages must be ascertained by the jury from the proofs in the case.
The case of the Illinois Central Railroad Company v. Baches, 55 Ill., 381, cited and relied upon by counsel for plaintiff in error holds that evidence as to wealth or poverty is not competent. The ben *17 eficiaries in that case were the widow and children. The seventh and eighth subdivisions of the syllabus are as follows;
“7. In an action under the statute to recover for the death of a person caused by the wrongful act, neglect or default of the defendant, the only question to be determined in estimating the damages, is the pecuniary loss resulting from his death to the widow and next of kin of such deceased person. The feelings of the widow and next of kin, their wealth or poverty, or any other fact than the pecuniary injury, cannot be considered in assessing the damages. The fact that the widow is deformed and disabled can, in no wise, increase or diminish the amount of damages she may be entitled to recover.
“8. In such case the support the widow would have been likely to receive from her husband, had he not been killed, is a proper and the controlling element to be considered by the jury in arriving at the measure of compensation for the pecuniary loss sustained.”
In the case of a widow and children the natural presumption, and in fact duty of the deceased, is to support them, and in the absence of a showing to the contrary, the presumption is that such support would be to the full extent of his ability after supporting himself; and in such cases there is no need of showing the poverty of the widow and children. But in case the .widow and children should be wealthy in their own right, and having before the death of the deceased received little if any support from him, such facts might well be shown in evidence for the purpose of showing that the pecuniary injury was small and thereby reduce *18 the damages. Any fact which tends to show the amount of the pecuniary loss to the beneficiaries is competent evidence, whether it tends to increase or diminish the damages.
The foregoing views are fully sustained by the following authorities, and cases therein cited: Potter v. Railroad Co., 21 Wis., 372; Potter v. Railroad Co., 22 Wis., 615; Johnson v. Railroad Co., 64 Wis., 425; Thoresen v. Railroad Co., 68 N. W., 548 (Wis.); Lockwood v. Railroad Co., 98 N. Y., 523; 92 Hun., 580; 39 N. Y. S., 44; 20 N. Y. S., 477; Railroad Co. v. Crudup, 63 Miss., 291; Cooley on Torts, 2d ed., sections 271 and 272; Chicago v. Powers, 42 Ill., 169; Staal v. Railroad Co., 57 Mich., 239; Augusta Railroad Co. v. Glover, 18 S. E., 406; Railroad Co. v. Leverett, 48 Ark., 333; Barley v. Railroad Co., 4 Biss., 430; Railroad Co. v. Lafferty, 57 Fed. Rep. at 536; Haehl v. Railroad Co., 24 S. W., 737; Railroad Co. v. Dunden, 37 Kans., 1; Opsahl v. Judd, 30 Minn., 126; Cook v. Clay St. R. Co., 60 Cal., 604.
From these considerations and authorities it is clear that the court did not err in admitting the evidence as to the financial condition and means of support of the parents of the deceased. The case of City of Galion v. Lauer, 55 Ohio St., 392, is not in point. In that case the plaintiff himself was injured, and brought his action to recover damages for the personal injuries sustained by him, and it is too clear for argument that the damages would not be increased or measured by the number or ages of his children, or the fact as to whether he was married or single.
In the next place it is urged that the court erred in permitting the plaintiff to introduce the rules of the street railway company in evidence, and *19 also in. introducing the special order of the company as to the observance of the rules. The ground upon which this assignment of error is urged is stated in the case of Fonda v. St. Paul City Railway Company, 74 N. W. Rep., 166, as follows:
‘ ‘The effect of it is that, the more cautious and careful a man is in the adoption of rules in the management of his business, in order to protect others, the worse he is off, and the higher the degree of care is bound to exercise. A person may, out of abundant caution, adopt rules requiring of his employes a much higher degree of care than the law imposes. This is a practice that ought to be encouraged, and not discouraged. But if the adoption of such a course is to be used against him as an admission, he would naturally find it to his interest not to adopt any rules at all.”
The rules and order founded thereon do not in this case require a higher degree of care on the part of the Street Railway Company than the law requires, and therefore, their introduction was not prejudicial. But aside from this consideration we regard the introduction of the rules in such cases as proper and warranted by the weight of author^ ity. The rules by which a street railway company runs its ears are a part of the res gestae inseparably connected with the accident as one of the circumstances surrounding the case, and which are often necessary to a proper understanding of the same. They are not so much in the nature of admissions as a part of the transaction. The rules by which a railway is operated are as much a part of the transaction as the construction and appliances of the cars, motors, machinery and tracks. If their rules require more care of the employes *20 for the safety of passengers than the law requires, it is easy for the court to say so to the jury, and point out what the law requires, and wherein the rules require more than the law, and that to the extent of the excess the company is more careful than is required by law. Such a showing would be an advantage to the company instead of a detriment. If the rules require only what the law requires, no harm can come to the company from their introduction in evidence. But if the rules require less than the law, or if there are no rules at all, then the company might well be held to be negligent for such a state of affairs. It seems, therefore, that the introduction of the rules of the company is not only proper, but would lead to the working out of just results in all cases, sometimes against the company and sometimes in its favor. The fear that the introduction in evidence of- the rules of the company would discourage such companies from making strict rules for the safety of passengers, is more fanciful than real. The company would suffer much more loss from absence of strict rules than from having the rules introduced in evidence, and self preservation would induce such companies to adopt such rules as will reduce accidents to a minimum, whether such rules are received in evidence or not. That such rules are competent evidence is shown by the following authorities: Railroad Co. v. Bates, 4 Vol., 129, Current Series, American Negligence Reports, s. c. 30 S. E. Reporter, 415; Coates v. Railway Co., 62 Iowa, 486; Railway Co. v. Ward, 135 Ill., 511; Railroad Co. v. Williams, 74 Ga., 723.
It has been the constant practice in this state in the trial of railway cases to introduce the rules of the company in evidence, and no injustice has re- *21 suited therefrom so far as known, and no companies are known to have been deterred thereby from making strict rules for the government of their employes in the operation of their cars, whether steam cars or street railway ears.

Judgment affirmed.