McGonegle and wife, Respondents, vs. Wisconsin Gas & Electric Company, Appellant.

*October 12—November 8, 1922.*

*Death: Minor child: Damages: Proof: Discretion of jury: Excessive damages.*

1. An award of $1,500 for the wrongful death of a three-year-old boy, $1,000 of such sum being for the loss of the pecuniary benefits the parents might reasonably expect after the child had attained his majority, is not excessive.

2. In an action by parents for the death of their minor child, to sustain an assessment of damages for pecuniary loss subsequent to the child's majority there must be evidence justifying an inference that the parents would have received pecuniary benefits if death had not occurred.

3. In such a situation the age, state of health, earning capacity, and financial condition of the parents, to show the probable necessity for contributions from the child, should appear, as well as the disposition and ability of the child to contribute where that can be shown.

4. Sec. 4256, Stats., authorizing the jury to give such damages "as they may deem fair and just," leaves much to the discretion and good judgment of the jury, and does not require that degree of certainty upon which the ordinary verdict must rest.

5. Evidence in this case as to the age and general health of the parents, their earning capacity and financial condition, and the health, size, and activity of the three-year-old son, is *held* to justify an award of $1,000 damages for loss of pecuniary benefits after his majority.

Eschweiler, J., dissents.

Appeal from a judgment of the circuit court for Kenosha county: E. B. Belden, Circuit Judge. *Affirmed.*

Action to recover damages for the wrongful death of plaintiffs' minor son, two years and ten months of age. The jury assessed damages as follows: (a) for loss of services of the child during minority, $500; (b) pecuniary benefits the parents might reasonably expect to receive from said child after he attained the age of twenty-one years, $1,000;

McGonegle v. Wisconsin G. & E. Co. 178 Wis. 594.

and (c) expenses incident to death of child, $321.50. Judgment was rendered on said verdict in favor of the plaintiffs for $1,821.50, together with interest and costs. From such judgment defendant brings this appeal.

For the appellant there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke* of Milwaukee, and oral argument by *Carl Muskat.*

For the respondents the cause was submitted on the brief of *Robert V. Baker* of Kenosha.

OWEN, J. The only question raised upon this appeal is whether the $1,000 awarded for pecuniary benefits the parents might reasonably expect from their child after he attained the age of twenty-one years has any foundation in the evidence. The total amount of damages awarded for the loss of the child's services was $1,500. This is not excessive when compared with other verdicts which have been sustained. Thus, in *Ewen v. C. & N. W. R. Co.* 38 Wis. 613, a $2,500 verdict for the death of a nine-year-old son was sustained. In *Strong v. Stevens Point,* 62 Wis. 255, 22 N. W. 425, a $1,200 verdict for the death of an eight-year-old boy was sustained. In *Johnson v. C. & N. W. R. Co.* 64 Wis. 425, 25 N. W. 223, a verdict for $2,500 for the death of a seven-year-old son was sustained. In *Lomoe v. Superior W., L. & P. Co.* 147 Wis. 5, 132 N. W. 623, a verdict for $2,500 for the death of a ten-year-old boy was affirmed. In *Hoppe v. C., M. & St. P. R. Co.* 61 Wis. 357, 21 N. W. 227, a verdict for $1,000 for the death of a sixteen-months-old boy was sustained. In *Potter v. C. & N. W. R. Co.* 21 Wis. 372; *S. C.* 22 Wis. 615, decided in 1869, it was intimated that a verdict for $2,000 for the death of a twelve-year-old girl would be sustained. In *Ihl v. Forty-second St. & G. St. F. R. Co.* 47 N. Y. 317, decided in 1872, a verdict of $1,800 for the death of a three-year-old child was sustained. In a recent

case in Minnesota (*Drimel v. Union P. Co.* 139 Minn. 122, 165 N. W. 1058), a verdict of $3,400 for the death of a girl between five and six years of age was sustained.

As we understand appellant's position, it is not contended that the verdict as a whole is excessive, but that there is no evidence upon which the jury could find that the plaintiffs might reasonably expect any pecuniary benefits from the child after he became twenty-one years of age. As parents are not entitled to the services of a child except during minority, it is apparent, and courts have held, that it requires a different order of proof to justify an assessment of damages for pecuniary loss during the period subsequent to the attainment of the child's majority. While the statute creating the cause of action, sec. 4256, authorizes the jury to give such damages as "they may deem fair and just" in reference to the pecuniary injury resulting from the death of the child, there must be some evidence justifying an inference that the parents would have received pecuniary benefits after the attainment of the child's majority if death had not occurred. True, evidence of this nature cannot be very direct or conclusive, but it should be such as the circumstances of the case will permit. The age of the parents, their state of health, earning capacity and financial condition, to show the probable necessity for contributions from the child, should appear. The disposition and ability of the child to contribute should also appear where that is possible to be shown. These facts will furnish a foundation from which the jury, in the exercise of their own judgment and discretion based on their knowledge of the ordinary affairs of life and the probabilities arising from their experience and observation, may conclude that a continuance of life would have resulted in pecuniary benefits to the parents even after the attainment of the child's majority. From the very nature of things much must be left to the discretion and good judgment of the jury. The statute so contemplates. It authorizes them to give such damages as

"they may deem fair and just." To require anything like that degree of certainty upon which the ordinary verdict must rest would be to render the statute nugatory. But because the matter does rest in the discretion and judgment of the jury they should have the benefit of all present facts which tend to throw light upon the future probabilities. This principle is firmly established. *Potter v. C. & N. W. R. Co.* 21 Wis. 372; *S. C.* 22 Wis. 615; *Wiltse v. Tilden,* 77 Wis. 152, 46 N. W. 234; *Tuteur v. C. & N. W. R. Co.* 77 Wis. 505, 46 N. W. 897; *Thompson v. Johnston Bros. Co.* 86 Wis. 576, 57 N. W. 298; *Decker v. McSorley,* 111 Wis. 91, 86 N. W. 554; *Andrzejewski v. Northwestern Fuel Co.* 158 Wis. 170, 148 N. W. 37. While in the latter case it was said "there can be no recovery for the period after minority in the absence of evidence showing, to a reasonable certainty, such loss, and, with some reasonable probability, the amount of it," it was not intended to place verdicts in this class of cases on a plane with the ordinary verdict so far as the degree of certainty required to sustain the verdict is concerned. The subsequent observations in the opinion in that case indicate that the "reasonable certainty" required is only such as the circumstances may permit.

In this case the evidence showed that the father was twenty-seven years old. His health was fair. He was a rural mail carrier earning $150 per month, which position he had held for over a year and a half. Prior to that time he had worked as a machinist for seven months and made seven or eight dollars per day. Before that he worked at a brass mill running a crane for a year and a half, earning from forty to forty-two cents an hour working ten hours a day. The mother was twenty-five years old. Her general health was good, but she had been nervous subsequent to the child's death. They had no other children. Neither owned any property. The deceased child was a healthy boy, large and active for his age. The evidence shows that the plaint-

iffs were in poor financial circumstances, enjoying a modest earning capacity. While the evidence does not show a precarious condition of health on the part of the parents, and, of necessity, owing to the tender years of the child, fails to show anything in the way of a disposition or ability on the part of the child to render the parents financial assistance, yet the evidence shows all the facts susceptible of proof. When those facts are shown, we think the statute commits the matter to the sound discretion of the jury. To those facts the jury must apply their composite knowledge, experience, and observation of the affairs of life and assess such damages as they "deem fair and just." While their conclusion must rest to a large degree in conjecture, from the very necessities of the case, such seems to be the legislative purpose, and that purpose should not be defeated by requiring a degree of proof impossible of production. When compared with verdicts rendered by other juries in similar cases the total amount of damages awarded is moderate, and indicates that the jury in this case reasoned in much the same manner as juries before them and suggests a conscientious discharge of duty. The evidence revealed the entire situation as fully as it was capable of being shown. Upon this evidence the jury based its conclusion, quite in harmony with conclusions reached in other cases of like character. To say that the verdict is not sustained by the evidence would be to defeat the legislative purpose and render the statute in a great measure nugatory. This we cannot do. The judgment must be affirmed.

*By the Court.*—Judgment affirmed.

Eschweiler, J. (*dissenting*). Under the rule established in this state, the legal right of the parent to the services of the child during minority is the basis for the right to recover the value of what those services might reasonably be anticipated to be during that period. To recover for services that might be rendered had the child

survived minority there must be special circumstances shown in the particular case from which such assistance might reasonably be anticipated; the mere relationship is not sufficient. As it was stated in *Andrzejewski v. Northwestern Fuel Co.* 158 Wis. 170, 183, 148 N. W. 37, evidence that does not warrant more than a belief in a mere possibility that had the deceased lived he might have been of pecuniary assistance to his parent is not a sufficient or substantial basis for the allowance by a jury of such particular pecuniary benefits.

In my judgment we are now overruling the doctrine in that case and the effect of many other decisions, in all of which there was some showing of exceptional circumstances upon which a conclusion to the effect arrived at in this case might reasonably and properly have been based. See *Leque v. Madison G. & E. Co.* 133 Wis. 547, 553, 113 N. W. 946; *Hayes v. C., M. & St. P. R. Co.* 131 Wis. 399, 408, 111 N. W. 471.