Day, J.
The chief error complained of is that at the conclusion of the court’s charge counsel for the -defendant made some request for the clearing up of *37 an ambiguity which he claimed to exist in the general charge as to the measure of damages. The court thereupon said to the jury as follows:
“In estimating the damage you will determine what the money value of the child was to the next of kin of the child, and then deduct any money burden that the child might reasonably be expected to be to the parents and next of kin, and the amount of money value of the child’s life will be the difference between the two by the process of subtraction. You will determine that by the process of subtraction.’’
It is strongly urged by counsel for plaintiff in error that such addition to the court’s general charge on the measure of damages was highly erroneous and prejudicial.
Now, from an examination of the record, it is to be observed that in order that the plaintiff might recover there was a paramount issue for the jury to determine in favor of the plaintiff, i. e., was the defendant company negligent in any of the respects averred in the petition and was such negligence the proximate cause of the death of plaintiff’s decedent? Upon this issue the plaintiff held the affirmative and the defendant the negative. If the jury found upon the issues joined in favor of the defendant, to-wit, that it was not guilty of negligence in the premises, that would end their labors and the verdict should be for the defendant. If, however, they found that the company was negligent, and that such negligence was the proximate cause of the death of plaintiff’s decedent, then, and in that event, they would go forward and ascertain how much damages should be awarded to the plaintiff in the *38 premises; or, as the trial court put it in his general charge, “If you find that the preponderance of the evidence proves that the defendant was negligent in one or more of the respects claimed, and that that negligence proximately caused the death of Sylvia Ochsner, then your verdict must be for the plaintiff, and you will then consider what damages the evidence shows proximately resulted to the parents, the brother and sister of Sylvia Ochsner, as a result of her death.”
There is nothing in the record to affirmatively show whether the jury resolved that paramount issue of negligence in the case in favor of the plaintiff or the defendant, unless it could be gathered from the fact that a verdict was returned in favor of the defendant after the court had told the jury that if they found that the defendant’s negligence proximately caused the injury the verdict must be for the plaintiff. The verdict being a general one in favor of the defendant, we have just as much right to assume that the jury found in favor of the defendant upon the issue of negligence as we have to assume that they found for the plaintiff upon that issue. Of course, if the jury found that the defendant was not negligent, then they never reached the question of damages, and the verdict was necessarily for the defendant.
To have ascertained whether the jury found the defendant company guilty of negligence, an interrogatory, “Do you find the defendant guilty of any of the acts of negligence complained of in the petition?” might have been submitted to the jury, an answer to which would have completely solved the problem whether or not the company had been neg *39 ligent in the premises. The statute providing this mode of procedure not having been taken advantage of, which would have assisted the trial court in the matter of passing upon a motion for a new trial and the reviewing courts in ascertaining exactly upon what grounds the jury based their verdict, this court is not justified in guessing upon which ground the jury saw fit to rest their verdict.
The question of the measure of damages as laid ,down by the trial court in his charge is therefore not properly before this court for review, because of the fact that before so doing we would have to guess that the jury found the defendant company guilty of negligence and then proceed to take up the .question raised by the charge of the trial court at the conclusion of his general charge, which the plaintiff in error claims resulted in a finding against him.
We are not authorized to enter such a field of speculation. Not being aided by interrogatories and answers thereto, or by any affirmative showing or finding in the record that the verdict of this jury might not have been based upon the fact that they found the defendant company not guilty of negligence, by reason of which they never reached the question of damages, it must follow that the judgment of the court below must be affirmed.
It has long been the law of this state that if the issues are such that a finding on either of them in favor of the successful party entitles him to a judgment rendered on the general verdict, such judgment will not be reversed for error in instructions of the court relating exclusively to the other issue. Sites v. Haverstick, 23 Ohio St., 626; McAllister v. *40 Hartzell, 60 Ohio St., 69; State, ex rel. Lattanner, v. Hills, 94 Ohio St., 171, and Jones v. Erie Rd., 106 Ohio St., 408, approved and followed.
Plaintiff in error claims that under the charge as to damages he could not have secured a verdict in any event. To relieve plaintiff from this unfortunate situation, if it existed, we would have to assume that defendant lost on the issue of negligence. There is no more warrant of law for a reviewing court making any such assumption regarding defendant than there is for making an assumption regarding plaintiff.
It is said in plaintiff’s brief: “But the law does require that the plaintiff must prove his cause of action amid damages proximately resulting therefrom.”
If there was anything in this record that would show this court that the plaintiff had measured up to the requirement thus set, to-wit, to prove his cause of action, then a consideration of granting relief from the position in which he claims to have been placed would properly be before the court; but when such a review requires a guess and speculation as to the mental attitude of the jury, this court is powerless to go beyond what the record itself shows.
While this judgment must be affirmed for the reasons stated, we may observe in conclusion that in the instructions of the trial court on the measure of damages in the charge before argument, and in the general charge, there was, in our opinion, no prejudicial error; and, while the additional instructions made at the request of counsel for defendant, after the general charge, may not have been prejn *41 dicial error when considered in conjunction with the entire charge, yet we think such additional instructions might well have been omitted.
Under the statutes of this state the jury may give such damages as they think proportionate to the pecuniary injury to the next of kin of the decedent, and in the light of this entire record had the jury reached this phase of the case in their deliberations there is sufficient in the instructions of the court, as well as in the evidence, for the jury to have returned a verdict for some damages. Neither under the instructions, nor the evidence, in the light of the case of Cincinnati St. Ry. Co. v. Altemeier, Admr., 60 Ohio St., 10, 15, 16, were the jury denied the privilege of fixing such damages as the evidence tended to show.
The record shows that the decedent was a healthy child, large for her age, bright mentally, obedient to her parents, a good child, that she would have gone to school the following year, that she was the daughter of a laboring man, that she had a younger brother and sister, to whom as well as to her parents she had a pecuniary value; and there was evidence in the case upon which the jury might well have estimated damages, which need not have been arrived at by speculation or guesswork on the part of the jury, but by estimation based upon what the evidence tended to show was the pecuniary value of such child to the next of kin.
In Potter, Admr., v. Chicago & Northwestern Rd. Co., 22 Wis., 615, it was held: “The verdict of the jury must be based upon the evidence. Not that the evidence must create a certainty beyond what is possible in the nature of things, but that in so far *42 as the estimate relates to the future, it should show a reasonable probability that the pecuniary loss would be equal to the amount found by the verdict.” See also Cincinnati Street Ry. Co. v. Altemeier, Admr., supra.
From 17 Corpus Juris, pages 1329,1330 and 1331, we quote the following pertinent lines:
“In some jurisdictions the measure of damages is the pecuniary value of the child’s services from the time of his death until he would have reached his majority, less the cost of his maintenance and education. In many other jurisdictions a parent is entitled to recover not only the pecuniary value of his services up to his majority, after deducting the cost of his maintenance for the same period, but also such sum as would be equal to the pecuniary benefits which plaintiff had a reasonable expectation of receiving after he reached the age of majority, at least where there is proof of the indigent or dependent condition of the parents. * # * The better view is that the fact that children at the time of the wrongful death had no earning capacity will not of itself prevent a recovery of substantial damages. * * * The mental, moral, and physical characteristics of the child must be considered, as well as his expectation of life, in determining the extent of the pecuniary aid which he would probably give to his parents, and the jury are authorized to take into consideration the probable future increase of earning capacity of the child.”
We are, therefore, not prepared to say that prejudicial error intervened in this record in the light of the court’s instructions taken as an entirety and the admitted evidence in the case, although we do *43 not approve the addition to the charge standing by itself and considered apart from the charge as a whole.
Therefore, from a consideration of the entire record, it not affirmatively appearing that the jury ever reached the question of damages, and that if they did plaintiff was denied recovery for prejudicial error committed by the court in his instructions to the jury, it must follow that the judgment of the court of appeals sustaining the general verdict for the defendant should be affirmed.

Judgment affirmed.

Marshall, C. J., Robinson, Jones, Matthias and Allen, JJ., concur.