GUSTAFSON and others, Appellants, v. BERTSCHINGER and others, Respondents.

*February 6—March 7, 1961.*

For the appellants there was a brief by *Kersten & McKinnon* of Milwaukee, and oral argument by *E. Campion Kersten.*

For the respondents there was a brief by *Hanaway & Byrnes* of Green Bay, and oral argument by *Charles T. Hanaway.*

DIETERICH, J. The only issue before this court is the question of damages.

The plaintiffs are the parents of Judith Anne Gustafson, who was killed on July 21, 1959. She was born on August 5, 1939, and was almost twenty years of age at the time of the accident. She was almost instantly killed by a truck on Highway 42 in Door county, Wisconsin. She and a girl companion were pedestrians walking north on the left shoulder of the road. The projecting rear-view mirror of the defend-

ants' northbound truck struck the back of her head as the truck was in the left lane of the highway, in the process of passing another northbound vehicle. The plaintiffs, Martin G. Gustafson and Evelyn D. Gustafson, live in Fort Atkinson, Wisconsin. The Gustafsons have one other child, Gail, age fifteen at the time of Judith Anne's death. Mr. and Mrs. Gustafson were ages fifty-two and forty-eight at the time of the accident.

*Damages.*

1. Funeral Expenses.

The funeral expenses incurred and paid by the father amounted to $1,912.50, and were broken down as follows:

| | |
|---|---:|
| Fort Atkinson Funeral Home, casket and incidentals | $ 810.00 |
| Wisconsin Memorial Park, Milwaukee, for crypt burial | 982.50 |
| Transportation from Door county to Milwaukee | 120.00 |
| | $1,912.50 |

Sec. 331.04 (5), Stats. 1957,[1] permits recovery by a personal representative who brings an action under the wrongful-death statute to recover funeral expenses.

The 1959 legislature amended sec. 331.04 (5), Stats., by adding "including the reasonable cost of a cemetery lot, grave marker, and perpetual care of such lot, not exceeding $1,000." This act was published on July 22, 1959, and went into effect July 23, 1959. The Wisconsin state board of health certificate of death gives the date of burial at Wisconsin Memorial Park as July 23, 1959.

---

[1] Sec. 331.04 (5). "If the personal representative brings the action he may also recover funeral expenses; if a relative brings the action he may recover funeral expenses on behalf of himself or of any relative specified in this section who has paid or assumed liability for such expenses."

It appears from the record that all arrangements for funeral expenses had been made prior to the effective date of the enactment of the amendment to sub. (5) of sec. 331.04, Stats. There is no limitation contained in the 1957 statute as to the amount that may be recovered for funeral expenses and we further find that a crypt burial is a modern, accepted form of burial. The jury found in accordance with the trial court's instructions that the expenses of the funeral, including the crypt burial, were reasonable and compatible with the financial ability of the parents to provide the funeral and burial. There being credible evidence to sustain the finding, this court will not disturb it.

### 2. Loss of Society and Companionship.

The trial court increased the jury's award from $1,500 for loss of society and companionship to $2,000, on the ground that $1,500 "is unreasonably low."

The defendants-respondents contend that the trial court erred in increasing the award on its own motion and that in the absence of a motion on the part of the plaintiffs, the court could not change the verdict of the jury.

Sec. 331.04 (4), Stats. 1957,[2] places a limitation of $2,500 to be recovered for loss of society and companionship and sec. 331.04 (4), Stats. 1959,[3] increased the limitation for loss of society and companionship to $3,000.

There being credible evidence to support the increase of $500 and the total amount being within the statutory limita-

---

[2] Sec. 331.04 (4). "Judgment for damages for pecuniary injury from wrongful death shall not exceed $15,000. Additional damages not to exceed $2,500 for loss of society and companionship may be awarded to spouse or parents of deceased. . . ."

[3] Sec. 331.04 (4). "Judgment for damages for pecuniary injury from wrongful death shall not exceed $22,500. Additional damages not to exceed $3,000 for loss of society and companionship may be awarded to spouse, unemancipated or dependent children or parents of deceased. . . ."

tions, we find no abuse of discretion on the part of the trial court. *Powers v. Allstate Ins. Co.* (1960), 10 Wis. (2d) 78, 102 N. W. (2d) 393.

### 3. Pecuniary Loss.

The evidence discloses that Judith Anne throughout her four years at Fort Atkinson high school was an "A" student and a very active participant in school, church, and community activities. She was an officer of nearly every organization to which she belonged. She was her high school's junior-prom queen. Judith Anne had completed her sophomore year at Lawrence College and was employed for the summer as a waitress with other college girls when she was killed. She was a very good student and had better than a "B" average in her first two college years.

The relationship between Judith and her family was very close and affectionate. On many occasions Judith Anne bought gifts for her family from her baby-sitting earnings. At times she helped in her father's store without pay. During her regular summer vacations she worked in the store for $50 a week. Nearly all of the $1,300 earned at these times she used to pay on her college tuition and expenses.

While the net worth of Martin Gustafson was in the vicinity of $45,000, his assets were mainly unliquid home and business real estate and business inventory. It was necessary for him to increase the mortgage on his home by $3,100 to pay for Judith's college education. The combined income of Mr. and Mrs. Gustafson varied between $5,400 and $6,500 during the three years preceding Judith's death.

The approximate cost to Martin Gustafson of putting Judith through her first two years of college was $5,136.40.

Judith planned to start teaching as soon as she had finished Lawrence College in order to earn money to provide a college education for her younger sister, Gail. She did not want to go into graduate school right after finishing

Lawrence because she did not want to be an extra financial burden on her parents. She wanted to work, going to elementary teaching. She wanted Gail to have the same opportunity she had had. Judith had discussed the cost of educating Gail with her family many times.

In the instant case there is no claim on the part of the plaintiffs that they would have received any pecuniary benefit before Judith would have reached twenty-one years of age, and it is conceded that she intended to complete her college education and that such was also the fixed plan of the parents. At the time of such completion, she would have been less than two months away from her twenty-second birthday. The cost of her education to her parents far exceeded, and would have continued to exceed, the benefit of any help or assistance given to them by her while attending college.

The whole issue then revolves upon whether there is credible evidence so as to permit an inference that it is reasonably probable that the parents would have received pecuniary benefit from Judith Anne after she completed her college education, and that incidentally would be after she had attained the age of twenty-one years. In that connection the providing of financial aid by Judith Anne for her sister's education raises a reasonable inference that such help on the part of Judith Anne could and would demonstrate pecuniary injury or loss resulting to the parents by reason of Judith Anne's death. *McGonegle v. Wisconsin Gas & Electric Co.* (1922), 178 Wis. 594, 190 N. W. 471, and *Wing v. Deppe* (1955), 269 Wis. 633, 70 N. W. (2d) 6.

In a conversation between Mrs. Gustafson and Judith Anne when the former was driving the latter home after the close of the school year in 1959, and mother and daughter were discussing college courses, costs, etc., the mother said, "Well, Judy, we have you through the first two years, and I'm sure that we can manage somehow to see you

through for the rest of your time." Judith Anne replied, "Well, mother, you won't have to worry about Gail's college education, because I can take care of that."

The trial court, in its memorandum opinion, stated:

"When, as in a case such as this one, the damages are found to be excessive and the excessiveness 'is not due to perversity or prejudice and is not the result of error occurring during the course of the trial' it becomes the trial court's duty, under the *Powers Case,* to determine the reasonable amount of plaintiffs' damages and give them the option to take such sum or have a complete or limited new trial, as the court shall order. . . .

"As already indicated, I have reached the conclusion that the award of $8,000 for pecuniary injury is clearly excessive and cannot be permitted to stand. On the question of what is a reasonable amount for pecuniary loss, I have decided to fix that amount at $2,000, under the peculiar facts and circumstances of this case."

We agree with the trial court's determination that the amount of $8,000 awarded for pecuniary loss to the parents by the jury is excessive. The compensation for pecuniary loss must be limited as will measure the reasonable expectancy, as shown by the evidence, which the parents of Judith Anne had at the time of her death, of such pecuniary contributions that she would have made to them during their joint lives. The evidence and facts in this case do not permit an inference that the parents would need, or expect, or receive financial assistance from Judith Anne. It does, however, permit a reasonable inference of financial help and assistance that she would have made to her parents toward the education of her sister, Gail, and under the decisions of this state, the parents of Judith Anne are entitled to a recovery for pecuniary injury. *Andrzejewski v. Northwestern Fuel Co.* (1914), 158 Wis. 170, 148 N. W. 37, and *Sandeen v. Willow River Power Co.* (1934), 214 Wis. 166, 252 N. W. 706.

The trial court's award of $2,000 based upon the evidence in this case is a reasonable amount of recovery for pecuniary loss sustained by the parents.

*By the Court.*—The order of the trial court setting aside the verdict of the jury and granting a new trial to the defendants upon the ground of excessive damages unless plaintiffs shall within a period of thirty-one days from the date thereof, elect to take judgment for damages against the defendants in the amount of $5,321.25, with costs, is affirmed. The option granted to the plaintiffs to elect to take judgment is extended thirty days from the date of the return of the remittitur.

FAIRCHILD, J., took no part.