JOCHEM, Appellant, vs. ROBINSON, imp., etc., Respondent.

*September 1 — September 13, 1888.*

*(1) Obstruction of sidewalk: Injury to pedestrian: Reasonable necessity: Court and jury. (2) Evidence of custom. (3) Instructions to jury: Contributory negligence: Apparent dangers.*

1. Defendant in order to unload several barrels of sugar, weighing 300 pounds each, into his store, placed a skid across the sidewalk in front of the store, and plaintiff, in attempting to pass over it, fell and was injured. There was an alley leading to the rear of the

store, but the unloading could not have been there accomplished without great inconvenience, and defendant followed the customary method of handling such goods. *Held,* that the necessity required to justify such use of the sidewalk need only be reasonable, and not absolute, and that the question of reasonable necessity was for the jury.

2. Evidence as to the usual and customary method of handling goods in that vicinity was properly admitted.

3. The court charged that if the obstruction was a dangerous one for the plaintiff to attempt to pass over, and there was room for him to pass around it, he should have passed around it, "and if he voluntarily, and not of necessity, attempted to mount a known dangerous obstruction, when he could have safely passed around it or could have avoided the danger by waiting a reasonable time," then he was wanting in ordinary care, and could not recover. *Held,* that the instruction was not open to the objection that it was not confined to apparent dangers, the phrase "known dangerous obstruction" meaning known to the plaintiff.

APPEAL from the County Court of *Milwaukee* County. The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears in the record that the defendant *Robinson* was a wholesale grocer, doing business on East Water street in Milwaukee, January 11, 1882; that on that day he was engaged in transferring sugar in barrels into the front of his store from a sleigh in the street near the sidewalk; that for that purpose he employed a skid upon a toe-board, upon which he rolled the barrels from the sleigh into his store; that while so engaged the plaintiff, traveling upon the sidewalk, stepped one foot between the bars of the skid near the lower end of the toe-board, and the other foot upon the second bar of the skid, and then slipped and fell, and was injured; and this action is brought to recover damages therefor. There was an alley at the rear end of the store running from street to street. The answer admitted the use of the skid, and injury, and traversed other allegations of the complaint, and alleged contributory negligence.

At the close of the trial the jury returned a special verdict to the effect (1) that the defendant, by his agents and servants, at and just prior to the time of the accident to the plaintiff, was about to unload into his store some sixteen or seventeen barrels of sugar of the weight of 300 pounds each; (2) that for that purpose the defendant caused the skid in question to be placed across the sidewalk; ($2\frac{1}{2}$) that the plaintiff was injured by a fall caused by such skid so placed; (3) that said skid had not so remained upon the sidewalk for more than two minutes prior to the accident; (4) that the placing of the skid over the sidewalk was reasonably necessary for the convenient unloading of the barrels; (5) that the skid was not maintained upon the sidewalk for a longer time than was reasonably necessary to unload the barrels into the store; (6) that the plaintiff, in the exercise of ordinary care, could have safely passed around the skid at either end thereof; ($6\frac{1}{2}$) that it was not consistent with reasonable care on the part of the plaintiff to attempt to pass over the skid; (7) that the defendant was not guilty of any negligence in respect to the accident in question; ($8\frac{1}{2}$) that at the time said injury occurred, the unloading or loading of the sleigh for which the skid was used could not have been accomplished at the rear of the defendant's store without subjecting defendant to unreasonable inconvenience; (9) that the plaintiff was guilty of a want of ordinary care contributing to the injury in question; that they found for the defendant.

From the judgment entered on the verdict, in pursuance of the order of the court, the plaintiff appeals.

For the appellant there was a brief by *Cotzhausen, Sylvester & Scheiber*, and oral argument by *F. Scheiber*. They contended, *inter alia*, that it was error to admit evidence that the manner in which the sugar was unloaded in this instance was the usual and customary method in that locality.

It was error, also, to charge the jury that if the defendant voluntarily, and not of necessity, attempted to mount a *known* dangerous obstruction, when he could have safely passed around it, etc., then he was wanting in the use of ordinary care, etc. See *Kelley v. Fond du Lac*, 31 Wis. 187, and cases cited; *Cuthbert v. Appleton*, 24 id. 388; *Kenworthy v. Ironton*, 41 id. 654.

For the respondent there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *F. C. Winkler*.

CASSODAY, J. The complaint in this action was held to be sufficient on demurrer on the former appeal. 66 Wis. 638. It alleged that the merchandise being transferred from the sleigh to the store was packed in kegs of the capacity of about five gallons each, weighing less than fifty pounds. Upon such state of facts it was held to be a question for the jury whether the obstruction of the sidewalk by the use of the skid was merely temporary and reasonably necessary. It is now established as a fact that, instead of kegs of the weight mentioned, they were barrels of sugar, each weighing 300 pounds, and that the obstruction was merely temporary. Certainly the plaintiff is in no position to complain of the submission to the jury of the question whether such use of the skid was reasonably necessary for the convenient unloading of such bulky and ponderous articles. Of course, the defendant has no occasion for complaint. The plaintiff's contention is that there was no necessity of taking the barrels in at the front end of the store, since there was an alley in the rear; that is to say, that the defendant had no right to thus obstruct the sidewalk, except in case of absolute necessity. But, as said on the former appeal: "This necessity need not be absolute. It is enough if it be reasonable. . . . If the law required an absolute

necessity, but few could escape liability." 66 Wis. 642. Whether it was reasonable or not was properly for the jury. It appears to have been in accordance with the usual and customary method of handling such goods in the vicinity. We perceive no good reason for excluding evidence of such custom. The trial court was under no obligation to give to the jury mere abstract propositions of law; nor instructions upon matters not in evidence; nor upon matters which were immaterial under the questions submitted; nor as to matters which were in substance given in the general charge. It is claimed that the trial court did not sufficiently distinguish between the want of reasonable necessity for using the skid and the want of ordinary care or negligence in its use. But both questions were separately submitted to the jury in a way not prejudicial to the plaintiff.

Since the jury found the plaintiff guilty of contributory negligence, the other errors assigned, not bearing upon that question, would seem to have become immaterial upon this appeal. But it is said that there was error in one of the instructions given to the jury upon that question, as follows: "If the obstruction was a dangerous one for the plaintiff to attempt to pass over at that time, and there was room for him to pass around it at either end, then he was bound, in the exercise of ordinary care, to pass around it, and not to attempt to pass over it, *and if he voluntarily, and not of necessity*, attempted to mount a *known dangerous obstruction*, when he could have safely passed around it or could have avoided the danger by waiting a reasonable time, then he was wanting in the use of ordinary care and is not entitled to recover in this action." The point of the exception is that the instruction should have been confined to apparent dangers. But we think the instruction was limited to "a *known* dangerous obstruction," that is, known to the plaintiff.

The law of the case having been substantially settled on the former appeal, there seem to be no other material questions for consideration.

*By the Court.*— The judgment of the county court (now superior court of Milwaukee county) is affirmed.