GUINARD, Respondent, vs. THE KNAPP-STOUT & Co. COMPANY, Appellant.

*February 25 — March 16, 1897.*

*Master and servant: Negligence: Question for jury: Erroneous instructions.*

1. In an action by an employee for an injury alleged to have been caused by the negligence of the employer in not covering or guarding his machinery, the question whether subd. 2, sec. 1636f, S. & B. Ann. Stats., required it to be covered or guarded depends upon whether it was "so located as to be dangerous to employees when engaged in their ordinary duties," and that is a question of fact for the jury.

2. When instructions are requested which are correct in law and applicable to the case, the court should give them without modification, and to refuse to do so is error, unless they are substantially given in the general charge.

3. Thus, after giving an instruction in an action for such an injury, substantially as requested, that, "if the jury find that the defendant furnished to the plaintiff a place to work which was as safe and free from danger as other persons of ordinary care in like business and under like circumstances ordinarily furnish, they must find for the defendant," to modify such instruction by adding that "they should not so find if the places provided by such other employers of labor for their workmen or servants are not reasonably safe," has the effect to pervert the force and destroy the meaning of the instruction and leave the jury without a standard by which to test the defendant's liability.

4. The test of negligence in such a case is the presence or absence of that degree of care which ordinarily prudent persons are accustomed to observe about the same or similar affairs in similar circumstances.

5. In such an action, to instruct the jury in a general way that a preponderance of evidence is necessary to justify a verdict for the plaintiff, and then to add, "You cannot find for the plaintiff unless his evidence outweighs that of the defendant. . . . If the plaintiff has proved his case by a fair preponderance of evidence,— if plaintiff's evidence weighs enough more than that of defendant to turn the scale on the plaintiff's side, even if it be but little, if that little be perceptible,— your verdict will then be for the plaintiff," is calculated to puzzle and mislead the jury.

6. To instruct the jury in such a case that, "If you find for the plaintiff you will bring in such damages as will make him whole in dollars, as far as possible," is misleading, in that it suggests greater damages than are given by the just rule, i. e. "such sum as will fairly compensate for the damages suffered and is reasonable in amount."

APPEAL from a judgment of the circuit court for Dunn county: JOHN K. PARISH, Judge. *Reversed.*

This case was once before this court, and is reported in 90 Wis. 123. The report contains a general statement of the facts, which is sufficient, and need not be repeated. On the retrial the evidence is substantially the same as on the former trial. There is some difference in the details of the trial. There was a general verdict in favor of the plaintiff for $15,000. There was the usual motion to set the verdict aside, and for a new trial, which was denied, and the plaintiff had judgment on the verdict, from which the defendant appeals.

For the appellant there was a brief by *V. W. James*, attorney, and *Losey & Woodward*, of counsel, and oral argument by *V. W. James* and *G. M. Woodward*. They argued, *inter alia*, that the dangers of the employment were open and obvious, and the plaintiff by accepting it assumed the risk. *Luebke v. Berlin Machine Works*, 88 Wis. 442; *Burnell v. West Side R. Co.* 87 id. 387; *Stephenson v. Dun-*

*can*, 73 id. 404; *Sweet v. Ohio Coal Co.* 78 id. 127. The defendant was not negligent in not covering the machinery by which plaintiff was caught, that not being usual nor required by ordinary care. *Miss. River L. Co. v. Schneider*, 74 Fed. Rep. 195; *Titus v. B., B. & K. R. Co.* 136 Pa. St. 618; *Iron Ship Building Works v. Nuttall*, 119 id. 149; *Ft. Wayne, J. & S. R. Co. v. Gildersleeve*, 33 Mich. 133; *Ala. G. S. R. Co. v. Arnold*, 35 Am. & Eng. R. Cas. 466; *Louisville & N. R. Co. v. Hall*, 87 Ala. 708.

For the respondent there was a brief by *John R. Matthews*, attorney, and *T. F. Frawley* and *C. T. Bundy*, of counsel, and oral argument by *C. T. Bundy*. They contended that the defendant was negligent in not furnishing the plaintiff with a reasonably safe place to work, in not covering the dangerous machinery, and in not warning the plaintiff of the risk. If the place where he was required to work was not reasonably safe, the custom of other mill owners in that respect would not relieve the defendant from liability. *Kitchen v. Smith*, 101 Pa. St. 452; *Cayzer v. Taylor*, 10 Gray, 280; *C. & H. C. & I. Co. v. Tucker*, 48 Ohio St. 41; *Wabash R. Co. v. McDaniels*, 107 U. S. 454.

NEWMAN, J. When the evidence was all in, the defendant moved for the direction of a verdict for the defendant, on the ground that the testimony was insufficient to establish the defendant's liability. The motion was denied; and the denial is alleged for error. On the former appeal, and on substantially the same testimony, this court considered the evidence sufficient to require the submission of the case to the jury. No reason is perceived why that decision is not to be deemed *res adjudicata* on this appeal. So it could be no error to deny the request.

The defendant also requested the court to instruct the jury that no statute law in this state required the defendant to cover or guard the set screw on which the plaintiff was

caught. This, also, the court refused. Whether the statute requires such machinery to be covered or guarded depends upon whether it is " so located as to be dangerous to employees when engaged in their ordinary duties." S. & B. Ann. Stat. sec. 1636*f*, subd. 2. That is a question of fact for the jury. It was not error to refuse the instruction.

There being evidence sufficient to take the case to the jury, the judgment must be sustained, unless it shall appear that in some important respect the case was not fairly tried and fairly submitted to the jury. The defendant requested eighteen special instructions to be given to the jury, all of which were refused. The refusal to give these proposed instructions, and the giving of some which were given, are the principal grounds of error alleged. These proposed instructions seem to be, in the main, correct, as propositions of law, and applicable to the facts of the case. Those which were correct should have been given as asked, and without modification. R. S. sec. 2853. The refusal to so give them is error, unless they were substantially given in the general charge.

The action goes on negligence. The defendant was entitled to have the jury correctly instructed on the general principles of the doctrine of negligence, and upon the law as applied to the particular negligence claimed. The particular negligence claimed was the failure of the defendant to furnish the plaintiff a safe place in which to do his work. The place was claimed to be unsafe by reason of the proximity of uncovered machinery. The defendant was entitled to an instruction which should inform the jury of the extent and limit of the defendant's duty to the plaintiff in respect to the safety of the place where his work was to be performed, and the rule of negligence in relation to that situation. The defendant asked this instruction on that point: " The court instructs you that if the defendant furnished a place which was as safe and free from danger as other persons of or-

dinary care, prudence, and caution, engaged in like business and in like circumstances ordinarily furnish, then you must find that the defendant furnished to the plaintiff a reasonably and ordinarily safe place to work." This proposed instruction undeniably states the law of negligence as applicable to the duty of the master to furnish a safe place to work, and to the facts of the case, with substantial accuracy. It should have been given as asked. It was error to refuse it, unless it was substantially given in the general charge. It was in fact given in the general charge, in substantially the same language, but with the addition of a proviso or qualification which utterly perverts its force, and destroys its meaning, and leaves the jury utterly without a guide or standard by which to test the defendant's performance of the duty which it owed to the plaintiff. It gave correctly the general rule or definition of negligence as " a lack of ordinary care, or such care as men of ordinary care ordinarily use," and that "neither party to this action was bound to use extraordinary care, such care as those use who are more careful, cautious, or prudent than the great mass of mankind ordinarily use." But, as relating specifically to the duty of the defendant to furnish a reasonably safe place for the plaintiff to do his work in, the instruction was: "If the defendant furnished plaintiff a place which was as safe and free from danger as other persons of ordinary care engaged in like business and under like circumstances ordinarily furnish, then you will find for the defendant on such fact; but not if you find that places provided by such other employers of labor for their workmen or servants are not reasonably safe places in which their men are obliged to work. It is for you to say, from the whole evidence, whether such is the fact or not, as you, and not myself, are the judges of the fact."

No doubt the test of negligence is the presence or absence of that degree of care which ordinarily prudent per-

sons are accustomed to observe about the same or similar affairs in the same or similar circumstances. The doctrine of a safe place to work has little application, as against known dangers. The employer may carry on his business in such place as he pleases, and with such machinery and appliances as he may choose, provided only he does not violate the positive law of the land, nor expose his employees to unknown dangers. The employee is deemed to accept the place furnished, with the risk of such dangers as he knows or can discover by the exercise of ordinary attention. Having observed such degree of care as ordinarily prudent men engaged in the same business observe, the law is satisfied, and no liability arises from accidents which may then happen, although they might have been prevented by the exercise of a greater degree of care. No person is required to exercise a greater degree of caution and prevision than is exercised by the mass of mankind. More care than that is usually impracticable. Ordinarily, the very highest degree of care possible will defeat the success of the enterprise. The law aims to be practical, and to favor what is practicable. The standard by which the liability of the defendant is to be tested is the standard which the law has provided. The jury may not be allowed to make a new one, to suit their inclination, in the particular case. The defendant in the particular action may not be required to have been wise and prudent beyond all his fellows. That is the vice of this instruction. It plainly informed the jury that they were not limited by the law of negligence, but could make the law, for the case, according to their own notion of what was right. It is often easy, after the accident, to see how it might have been prevented. The retrospect has this advantage. Human prevision is limited. This was a fundamental error, which must require a reversal of the judgment.

On the subject of what amount of evidence was necessary to justify a verdict for the plaintiff, the court, after saying

in a general way that a preponderance of the evidence was necessary, instructed more explicitly by saying: "You cannot find for the plaintiff unless his evidence outweighs that of the defendant. If the defendant's evidence weighs as much as that of the plaintiff, and of course if defendant's outweighs that of plaintiff, you must find a verdict for defendant. If the plaintiff has proven his case by a fair preponderance of evidence,— if plaintiff's evidence weighs enough more than that of the defendant to turn the scale on the plaintiff's side, even if it be but little, if that little be perceptible, sufficient to turn the scale on his side,— your verdict will then be for the plaintiff, and against the defendant." It may well be doubted if the average juryman receives much enlightenment from such refinements upon a general proposition. By the phrase "weight of the evidence" is meant the convincing power of the evidence. It may be permitted to speak of things in their nature imponderable and ideal as having preponderance and weight. Usage sanctions it, and the trained mind readily appreciates the thought. But it may fairly be questioned if, to the untrained lay mind, such metaphors convey any practically useful intelligence. But when it comes to crowding the metaphor further, to the turning of the *scale* by a preponderance, "ever so little, be it only appreciable," it is pressing the figure beyond its capacity for useful service. It may be doubted if even the trained mind has such nicely-adjusted scale as to determine to a hair on which side the evidence preponderates. But even the lay mind can know when it is convinced and satisfied. Such refinement must tend to confuse the lay understanding. This instruction seems well calculated to mislead the jury as to the amount of evidence necessary to justify a verdict for the plaintiff; for, while it is stated that the plaintiff's case must be proved by a fair preponderance of evidence, the instruction seems to say that by a fair preponderance is meant only a little more evidence in weight than the defend-

ant's evidence can fairly claim, and leaves out of sight or minimizes the important consideration that the plaintiff's evidence must be sufficient in convincing power to satisfy the jury of the existence of the facts which, in law, justify the plaintiff's recovery, before he can be entitled to a verdict. On the idea of this instruction, a case too weak to stand alone when unopposed by a defense may become invigorated and helped out by a still weaker defense. Similar instructions have been criticised by this court. *Gores v. Graff*, 77 Wis. 174; *Heath v. Paul*, 81 Wis. 532; *Pelitier v. C., St. P., M. & O. R. Co.* 88 Wis. 521. The instruction should, in effect, be that; if the jury are *satisfied* by a preponderance of the evidence of the existence of all the facts essential to the plaintiff's right of recovery, then they should find for the plaintiff. *Gores v. Graff, supra.* If the mind of the jury is convinced and satisfied, it is quite safe to assume that the preponderance of the evidence is on the side of such conviction.

On the subject of the amount of damages which the plaintiff, if entitled, might recover, the court said: "If you find for the plaintiff, you will bring in such damages as will make him whole, in dollars, as far as possible." It is impossible to know how this advice impressed the jury, or what effect it had upon the size of the verdict. It sounds like an invitation to make free with the defendant's goods. It seems to suggest that the jury should be influenced by no conservative idea of compensation, but that they should aim at something beyond,— dollars enough to make him whole. As if the defendant, be it never so rich, had enough to make him whole! Certainly, this instruction suggested, or might suggest, to the jury, an improper and exaggerated notion of what was due the plaintiff; for, although the defendant may have committed a fault, it is not, for that reason, an outlaw, nor beyond the care of the law. Society may still receive valuable service from it, and so is interested

to preserve it against spoliation, by applying to plaintiff's recovery a proper limit of compensation. It could not advance the interests of society to impoverish and bankrupt the unfortunate defendant. Doubtless, the underlying idea of the law of damages is indemnity. But, in the case of many injuries to the person, absolute indemnity is impossible. The law has no standard by which it can measure indemnity for such injuries in money. The most it aims to do in that regard is to give some just compensation for the damages suffered, which in many, if not in most, cases must fall short of complete indemnity. The just rule to be given to the jury is, such sum as will fairly compensate for the damages suffered—reasonable in amount, and not excessive.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.