Prybilski vs. Northwestern Coal R. Co.

PRYBILSKI, Appellant, vs. NORTHWESTERN COAL RAILWAY COMPANY, Respondent.

*January 13 — February 8, 1898.*

*Master and servant: Injury from defective appliances: Notice of defect: Fellow-servants: Safe place to work.*

1. In an action against a dock company for injuries sustained by an employee, who was struck by coal knocked from a pocket by a bucket, alleged to have been defective, which was used to hoist coal out of vessels and convey it to various parts of the yard by means of a track on a trestle, the only evidence of a defect was that the bucket failed to right and latch itself on the two preceding trips, made within fifteen minutes prior to the accident. On both such occasions the hoister had succeeded in righting the bucket by means of the levers, but on the occasion in question he had failed to do so, and, concluding that it would clear the coal in the pockets, brought it back unlatched. After this the bucket latched itself automatically on every trip for an hour and a half. *Held*, that the negligence, if any, was that of the hoister, a fellow-servant of plaintiff, and not that of the defendant, the time between the discovery of the defect and the happening of the accident being too short to charge the latter with constructive notice.

2. Failure of the employer in such case to provide a covering for the space beneath the course of the buckets is *held* not to have been negligence, where there was no evidence that such a covering was practicable and the undisputed evidence was to the effect that such coverings were not in use upon similar docks in that part of the country.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

This is an action for personal injuries. The facts appearing on the trial were that the defendant, in November, 1895, owned and operated a large coal dock on Allouez bay, in the city of Superior, and that the plaintiff was a laborer about the dock. On the west side of the dock, and joining the bay, was a long trestlework about thirty-five feet high, and upon the top of this trestlework there was machinery for

hoisting coal out of the vessels in the bay. This hoisting was done by means of buckets lowered down into the boats from the ends of boom sticks. The buckets were then raised out of the boat to the boom stick, and then followed the boom stick along over the trestle, on a carriageway, for a long distance back across the dock, being under the control of a man called the hoister, who was stationed on the top of the trestle in charge of the machinery, and by means of levers dumped the buckets at the proper point. The buckets were so constructed that, when dumped, they would right and latch themselves; and the hoister then, by the aid of his levers, brought the bucket back along the carriageway and the boom stick, and lowered it into the vessel. The average time occupied in loading the bucket, emptying it, and returning it to the vessel, was about four minutes. Immediately east of the trestlework, and upon the ground and floor of the dock, were two parallel railway tracks, running lengthwise of the dock; and immediately east of these tracks were pockets built up upon timbers, the top of which came within five or six feet of the carriageways upon which the buckets ran back and forth. These pockets extended the whole length of the dock north and south, and from the bottom of each pocket there was a spout which extended downwards, so that coal could be loaded from the pockets to the cars standing on the east railroad track. When the pockets were full, the buckets of coal were carried over the pockets further east, and dumped in the yard. At the time of the accident, the pocket over which one of the buckets ran was full, and the coal was heaped up above the top, and the hoister was sending the bucket back into the yard. When the bucket was empty and was properly latched, it would clear the coal which was heaped up over the top of the pocket; but if the bucket did not latch and was returned without latching, it hung down about a foot and a half lower, and in that position would hit the coal.

On the morning in question, the plaintiff, who was a man of some experience in the coal business and had been at work about coal docks for several years, was set at work loading cars, in close proximity to the pocket above mentioned. The bucket in question had been working three hours that morning prior to the accident, taking coal from the hold of a vessel in the bay, first filling the pocket, and then dumping the coal out beyond the bin on the dock. During this time it had latched itself automatically when unloaded. A few minutes before the accident, however, upon its return trip, it failed to automatically right itself and latch; whereupon the hoister, by use of his levers, succeeded in latching it before it reached the bin. Upon the next trip the same thing happened, and again the hoister succeeded in latching it. Upon the third trip it failed to latch, and the hoister, not succeeding in latching it by the use of his levers, concluded that it would clear the coal all right, and brought it along over the bin. It hung so low, however, that it scraped two or three hundred pounds of coal off of the top of the bin, a part of which fell upon the plaintiff below, and seriously injured him. The hoister continued to use the bucket after this, and for an hour and a half it latched itself automatically. There was no other evidence tending to show that the bucket in question was defective, and the hoister testified that it was his duty to see that the bucket came back latched, but that he thought that the coal was low enough in the bin to allow it to come back unlatched.

A verdict was directed for the defendant, and the plaintiff appeals.

For the appellant there was a brief by *John Brennan* and *John Jenswold,* and oral argument by *Mr. Brennan.*

For the respondent there was a brief by *Ross, Dwyer & Hanitch,* and oral argument by *W. D. Dwyer.*

WINSLOW, J.    It is claimed that the evidence tended to show negligence on the part of the defendant in two particulars, namely:  (1) In failing to furnish a safe place to work, by not providing a covering over the railroad tracks and beneath the course of the coal buckets, which would prevent coal from falling upon employees who were working below; and (2) in using a defective bucket, which would not automatically right itself when empty.

1. As to the first ground of negligence, there is an entire absence of evidence to show that such a covering was practicable or in use upon similar docks at the time of the accident.    On the other hand, the testimony was undisputed that such a covering was never in use upon similar docks either at Superior or at other lake ports.    The duty of the defendant was to furnish a place as safe and free from danger as other persons of ordinary care, prudence, and caution, engaged in like business and in like circumstances, ordinarily furnish.    *Guinard v. Knapp-Stout & Co. Company*, 95 Wis. 482.    The evidence shows that this was done in the present case.

2. As to the alleged defective bucket, there is no evidence tending to show that it was defective, save the fact that it failed to right itself and latch automatically on the two trips just prior to the trip in question.    This was within fifteen minutes prior to the accident, and on both occasions the hoister succeeded in righting it by the use of his levers.    He tried to so right it on the third trip, but, failing in his first endeavor, concluded it would clear the coal, and brought it back unlatched.    After this the bucket latched itself automatically on every trip for an hour and a half.    If this in fact shows any defect in the bucket at all, it affirmatively shows that neither the defendant nor its officers had any knowledge of such defect, nor any opportunity to know of it.    The time was manifestly too short to charge them with

·constructive notice.   If there was negligence at all, it was on the part of the hoister, who was a fellow-servant of the plaintiff.

*By the Court.*— Judgment affirmed.