YAZDZEWSKI, Respondent, vs. BARKER and another, Appellants.

*February 1—April 30, 1907.*

*Master and servant: Injury from unsafe appliance: General use: Instructions to jury.*

1. The duty of an employer in respect to furnishing to his employee a reasonably safe place to work in or reasonably safe appliances to work with is not discharged if the place or appliance furnished is obviously dangerous although it is such as is in general use among employers of ordinary caution and prudence in the same line of business under the same circumstances.
2. The word "obviously," as used above, does not mean that the danger should be obvious to any person, however unskilled or

ignorant, but that it should be obvious to the ordinarily careful employer or to a person possessing equal skill and judgment and opportunity for examination.

3. An instruction to the effect that the machine in question was reasonably safe if such machines were in general use in the same business, unless the jury should find that such machines were not reasonably safe, was erroneous.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Reversed.*

This is an action to recover for personal injuries. It appeared upon the trial that the plaintiff on the 29th of July, 1902, was a common laborer about forty-one years of age and was employed by the defendants in their lumber mill at Ashland, where he had been continuously working since May 10th of the same year. His work was to take the lumber cut by a bandsaw on the east side of his position and also that cut by a resaw on the west side and place the same on certain live rollers which carried it some twenty feet to an open edger. When the lumber reached the edger it was taken by another employee called the edgerman and put through that machine. The edger was seven feet wide and had six circular saws set on a shaft or arbor, the two outside saws being stationary and the others being movable by means of a lever. The edger had no safety devices to prevent boards from being thrown back by the saws. It was claimed by the plaintiff that there were three devices which might have been used to prevent boards from being thrown back, viz.: (1) A spiked roller behind the saws with a press roll above; (2) a guard composed of long iron teeth or fingers fastened to a rod above the saws, which teeth or fingers rested lightly upon the boards behind the saw as they passed through at such an angle that if the board started back they would gouge into it and stop it; and (3) a press roller immediately in front of the saw resting firmly upon the board and preventing it from wabbling.

On the day first named a two-inch Norway pine plank ten

inches wide and eighteen feet long was being passed through the edger and was cut into two pieces, one four inches and the other six inches wide. The larger strip passed out in the usual manner, but the other was caught by one of the saws and was split in two, and both pieces were shot or thrown with great velocity backwards, one of them penetrating the plaintiff's body and inflicting very serious injuries. The following special verdict was returned by the jury:

"(1) Did *August Yazdzewski,* the plaintiff, receive injuries while in the employment of the defendants *Christopher C. Barker* and *Hiram C. Stewart* at the time and place alleged in plaintiff's complaint? *A.* (Answered by the court.) Yes. (2) Was the edger in defendants' sawmill at which plaintiff was employed when injured a reasonably safe machine as it was then operated by defendants? *A.* No. (3) Did the defendants fail to provide at the time plaintiff was injured any suitable swing press roll, teeth, fingers, spikes, or guards, as alleged in plaintiff's complaint, for the protection of their employees while at work on or about said edger? *A.* Yes. (4) If you answer question number 3 by 'yes,' could defendants, without impairing the usefulness of said edger, have provided an appliance to protect their employees while at work on or about said edger? *A.* Yes. (5) If you should find the defendants were guilty of a lack of ordinary care in failing to provide an edger with reasonably safe appliances for their employees while at work on or about the same, was said negligence of defendants the proximate cause of plaintiff's alleged injuries? *A.* Yes. (6) Was plaintiff guilty of any negligence which in any manner contributed towards his said injuries? *A.* No. (7) If from your answers to the foregoing questions the court is of the opinion that the plaintiff should have judgment herein, at what sum do you assess his damages? *A.* Five thousand dollars ($5,000)."

Judgment for the plaintiff was rendered on the verdict, and the defendants appeal.

For the appellants there was a brief by *Lamoreux & Shea,* and oral argument by *C. A. Lamoreux.*

For the respondent there was a brief by *Eaton & Eaton,* and oral argument by *M. H. Eaton.*

WINSLOW, J.   It is strenuously contended by appellants that a verdict for the defendants should have been directed because (1) no negligence on the part of the defendants was shown; (2) it appeared that the injury resulted from the negligence of a co-employee; and (3) the plaintiff assumed the risk.   In support of the first proposition it is said that the evidence· conclusively showed that open edgers of the kind in question without guards were in general use in the lumber mills of northern Wisconsin, and hence that there can be no finding of negligence based on the failure to provide guards.   While there was much evidence tending to show that such unguarded edgers were in general use in other mills, this is not a conclusive test upon the question of negligence, as we shall endeavor to demonstrate later in this opinion in discussing the alleged error in the instructions relating to the second question of the special verdict.   As to the second and third propositions, we think it clear from the evidence that the court would not have been justified in directing a verdict for the defendants on either ground.

A far more serious question is raised, however, by the exceptions to the instructions given by the court with reference to the second question of the verdict.   In submitting this question the court said:

"If you find from the evidence that open edgers and edging ·machines in which there were neither press rollers nor fingers nor any other appliance, device, or contrivance in front of the saws were in general use in the sawmills of northern Wisconsin at the time plaintiff sustained the injuries described in the complaint, you may answer question No. 2 'Yes,' *but if you find that such open edgers were not reasonably safe to the employees operating the same you will answer the question by 'No.'*"

The question submitted was whether the machine was reasonably safe, and the substance of the instruction was that if such machines were in general use then they were reasonably safe unless the jury concluded that they were not rea-

sonably safe; in other words, the fact of general use cut no figure in answering the question. In the last analysis the instruction says that the machine was not reasonably safe if you conclude that it was not, whatever be the fact as to the general use of such machines. We cannot approve this instruction. The rule of law undoubtedly is that when an employer furnishes to his employee a place to work in, or an appliance to work with, it is his duty to furnish a reasonably safe place or appliance. This duty is absolute and cannot be delegated. *Howard v. Beldenville L. Co.* 129 Wis. 98, 108 N. W. 48. The general rule is also that if the employer furnish such a place or appliance as is in general use among employers of ordinary caution and prudence in the same line of business under the same circumstances, he has discharged the duty imposed on him. The place or appliance so furnished is in a legal sense "reasonably safe." *Guinard v. Knapp-Stout & Co. Co.* 95 Wis. 482, 70 N. W. 671; *Prybilski v. N. W. C. R. Co.* 98 Wis. 413, 74 N. W. 117; *Sladky v. Marinette L. Co.* 107 Wis. 250, 83 N. W. 514. Many courts apply this rule without exception or limitation. 4 Thomp. Comm. on Neg. §§ 3991–3993; *Ship Bldg. Works v. Nuttall,* 119 Pa. St. 149, 13 Atl. 65. This court, while approving this general rule, has adopted a limitation thereon in consonance with what seems to us a more just and enlightened policy. That limitation is that the employer will not discharge his duty by furnishing the ordinary place or appliance, if such ordinary place or appliance be obviously dangerous. *Innes v. Milwaukee,* 96 Wis. 170, 70 N. W. 1064; *Boyce v. Wilbur L. Co.* 119 Wis. 642, 97 N. W. 563. The word "obviously" as here used does not apply to any person, however unskilled or ignorant, for in such case the employee would always assume the risk, and the exception would be no exception at all, but "obviously" to the ordinarily careful employer who is charged with the duty of furnishing the place or appliance, or "obviously" to a person possessing equal skill and judgment and opportunity for examination

as such an employer. Doubtless this was the limitation on the general rule which the trial judge had in mind when he added the last clause to the instruction quoted, but it is evident that the clause does not convey the idea, but rather eliminates the rule entirely.

A number of other rulings are complained of by the appellants, but we have found no prejudicial error save that above named. The claim that the question of the negligence of a co-employee, to wit, the edgerman, should have been submitted to the jury cannot be sustained. We find no evidence tending to show that the edgerman was guilty of any negligence. Apparently he was performing his duties in the usual manner. The verdict was undoubtedly unnecessarily long. The only material disputed questions were: (1) Whether the edger was a reasonably safe machine. (2) If not, was the failure to furnish a reasonably safe machine the proximate cause of the plaintiff's injury? (3) Was the plaintiff guilty of contributory negligence by way of assumption of the risk? (4) What damages has the plaintiff suffered?

*By the Court.*—Judgment reversed, and action remanded for a new trial.

KERWIN, J., dissents.