LEQUE, Administrator, Respondent, vs. MADISON GAS & ELECTRIC COMPANY, Appellant.

*November 11—November 26, 1907.*

*Electricity: Negligence: Personal injuries: Death of lineman from contact with charged wire: Questions for jury: Hazards of employment: Assumption of risk: Contributory negligence: Evidence: Admissibility: Custom: Excessive damages: Instructions to jury.*

1. In an action for the negligent killing of a lineman of a telephone company it appeared, among other things, that deceased was killed by contact with an electric light span wire; that,

by reason of the negligent removal of a guy wire, one pole supporting the span was inclined towards a telephone pole, whereby the span wire became slack and sagged to such an extent that contact was formed with a feed wire, and the span wire thus became heavily charged with electricity and dangerous. *Held:*

(1) The possibility of danger from the sagged wire was not so imminent as to become one of the hazards of deceased's employment.

(2) The evidence failed to establish as matter of law that deceased ought to have known or appreciated the danger.

(3) Contact of deceased with the span wire was not an unnecessary and reckless act.

(4) The question of contributory negligence was for the jury.

2. While evidence of a custom obviously dangerous is not admissible, it is not error to admit evidence of a general custom of linemen to step on and make use of dead electric wires in climbing poles, notwithstanding evidence of a warning against usual dangers incident to the employment.

3. In an action for the negligent killing of a telephone lineman it appeared, among other things, that deceased was between twenty-one and twenty-two years old; that his father was fifty-four, in fairly good health, and had no property; that his mother was forty-three and her physical condition was very poor; that there were three other children, two girls aged twenty and eighteen respectively, and a boy aged fifteen, the latter not self-supporting; that the father earned $40 per month, and that deceased earned $40 besides board and room, and had promised to take care of his parents and did not expect to marry, at least in the near future. Sec. 4256, Stats. (1898), permits the jury to award damages "as they shall deem fair and just in reference to the pecuniary injury resulting from such death to the relatives of the deceased specified in this section." *Held*, that a verdict for $2,500 was not excessive.

4. In an action for the negligent killing of a telephone lineman, requests for instructions, and instructions given to the jury on the question of warning, and also instructions given on the question of contributory negligence, are *held* not to be subject to criticism.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This action was brought to recover damages for the death of plaintiff's intestate occurring from the negligence of de-

fendant. The complaint charges, in effect, that George
Leque, plaintiff's intestate, at and prior to his death, was in
the employ of the Wisconsin Telephone Company as a line-
man; that said company and defendant, pursuant to ordi-
nances of the city of Madison, had arranged for joint use of .
poles required in the maintaining of their respective tele-
phone and lighting systems; that defendant maintained an
arc light at the junction of King, Butler, and Wilson streets,
which light was supported by a span wire attached at one end
to a pole owned by defendant and situate on the southeast
side of Wilson street, and attached at the other end to a pole
on the opposite side of the street owned by the telephone
company; that strung along Wilson and King streets and
passing along under this span wire, about midway between
the two poles, were highly charged feed wires; that as orig-
inally installed the span wire was about two feet above the
feed wires, but by reason of negligent removal some weeks
before the accident of a guy wire, such pole tilted or in-
clined toward the telephone pole, whereby the span wire be-
came slack and sagged to such an extent that contact was
formed between said feed wires and span wire of defendant,
by reason of which the span wire became heavily charged
with electricity and dangerous; that on May 4, 1906, de-
ceased, while ascending said telephone pole and without
knowledge that the span wire was charged, came in contact
with it and at the same time with a telephone wire owned by
the telephone company, whereby a heavy current of elec-
tricity passed through his body causing almost instant death;
that deceased left him surviving his father, *Theodore,* and
mother, Anna, both residents of Wisconsin and dependent
upon him for care, maintenance, and support. There were
other allegations of damages respecting payment of funeral
expenses. The answer admitted the location of the poles .
and wires, removal of guy wire, tilting of defendant's pole
causing contact of span wire with the feed wires, and further

set up that deceased was an experienced lineman familiar with the manner in which defendant's wires were strung and that the feed wires carried a dangerous current, and other matters of defense. The evidence tended to prove the allegations of the complaint. After denial of defendant's motion for directed verdict the jury returned the following verdict:

"(1) Was the defendant company guilty of any want of ordinary care in removing the guy wire? *A.* Yes. (2) Was the removal of the guy wire the proximate cause of the injury which resulted in the death of the deceased? *A.* Yes. (3) Did any want of ordinary care on the part of the deceased contribute to produce the injury which resulted in his death? *A.* No. (4) At what sum do you assess the plaintiff's damages? *A.* $2,500."

Motions were made to amend the verdict, for judgment on the verdict, and for a new trial, which were denied and judgment upon the verdict entered in favor of the plaintiff, from which this appeal was taken.

For the appellant there was a brief by *Olin & Butler,* and oral argument by *H. L. Butler.*

For the respondent there was a brief by *Richmond, Jackman & Swansen,* and oral argument by *S. T. Swansen.*

KERWIN, J.   1. The first contention by appellant is that a verdict for defendant should have been directed. Counsel insists that the deceased was guilty of contributory negligence as matter of law, and therefore the court erred in refusing to direct a verdict and in refusing to change the verdict of the jury on the question of contributory negligence. It is claimed that the deceased must be presumed to have known and appreciated the ordinary hazards of the business, including those which the exercise of his senses and experience would have disclosed, and that the contact of the span wire with the feed wire was one of the ordinary hazards of the business; that deceased had been warned in writ-

ing that electric wires carried high voltage and of the danger occasioned by the sagging or disarrangement of wires. It is further insisted that the undisputed evidence shows that the contact of the span wire with the feed wire was in plain view of deceased as he ascended the pole, and that the pole was provided with steps on which to climb as far as its lower arm, and that the lower cross-arm could be reached without contact with the span wire, and that there was no occasion for deceased to step on or come in contact with the span wire while ascending the pole. After a careful examination of the evidence we cannot say that the possibility of danger from a sagged wire was so imminent as to become one of the hazards of the employment, nor that the evidence establishes as matter of law that the deceased ought to have known or appreciated the danger. It is said that the contact with the span wire was a wholly unnecessary and reckless act, but the evidence is not very clear respecting the point of contact of the span wire with the pole. So far as the evidence shows, the step may have been in very close proximity to the span wire. Moreover, there is evidence that it was customary to step on the span wire in ascending poles. The wires on the telephone pole did not carry a high voltage, and the span wire would not have been dangerous but for the negligence of the defendant in removing the guy wire so as to cause a sag in the span wire, and we think upon the evidence it was clearly a question for the jury whether the deceased ought to have known of the contact. There is evidence that the contact could not be noticed looking from the ground, and that you had to get up on a level with the wire before you could see the contact. We think it clear from the evidence that the question of contributory negligence was for the jury. *Peterson v. Sherry L. Co.* 90 Wis. 83, 62 N. W. 948; *Nelson v. C., M. & St. P. R. Co.* 60 Wis. 320, 19 N. W. 52; *Kaples v. Orth,* 61 Wis. 531, 21 N. W. 633; *Wilbert v. Sheboygan L., P. & R. Co.* 129 Wis. 1, 106 N. W.

1058; *Nagle v. Hake,* 123 Wis. 256, 101 N. W. 409; *Illingsworth v. Boston E. L. Co.* 161 Mass. 583, 37 N. E. 778; *Comm. E. Co. v. Rose,* 214 Ill. 545, 73 N. E. 780. We have carefully examined the authorities cited to our attention by counsel for appellant under this head, but cannot think they are controlling.

2. Error is assigned because the court admitted evidence over defendant's objection to the effect that it was the custom of linemen to step on and make use of dead wires in climbing poles. It is insisted by appellant, under this head, that the evidence admitted was not of a general custom, but in the nature of individual practice of a limited class. Of course, such a general custom should be exercised as men of ordinary care and prudence would exercise under the same or similar circumstances in conducting their business. It is doubtless true that evidence of a custom obviously dangerous should not be admitted. *Boyce v. Wilbur L. Co.* 119 Wis. 642, 97 N. W. 563; *Yazdzewski v. Barker,* 131 Wis. 494, 111 N. W. 689. In the instant case the evidence complained of was of a general custom, and the court limited the testimony to general custom. Stress is placed upon the fact that notice was given deceased to make examination of wires. But this warning by its terms was calculated to warn employees respecting poles having electric light or power wires attached to them. This warning, given in the form of a bulletin, was obviously for the purpose of warning of the usual dangers incident to the employment and not of the extraordinary and unknown hazard caused by the defendant's negligence in removing the guy wire which caused the contact of the wires. We think no error was committed in admission of evidence regarding custom.

3. It is further claimed by counsel for appellant that the damages are excessive; that in an action for the death of an adult child it is necessary to show that the parent was an in-

digent or in a dependent condition in order to recover. The father of deceased had no property, was fifty-four years of age, and the mother forty-three at the time of the trial below. The physical condition of the mother was very poor; the father's health fairly good. There were three children besides deceased, two girls, twenty and eighteen years of age, respectively, and a boy fifteen, the latter not self-supporting. The father was earning $40 a month. The deceased after becoming of age furnished some money to his parents. He was a bright, industrious young man, and was earning $40 per month, board, and room. He was killed six months after he was twenty-one years of age. There is evidence that he promised to take care of his parents, and that he did not expect to marry, at least "in the near future." Sec. 4256, Stats. (1898), permits the jury to award such damages "as they shall deem fair and just in reference to the pecuniary injury resulting from such death to the relatives of the deceased specified in this section." So under the statute the jury has a broad discretion. *Potter v. C. & N. W. R. Co.* 21 Wis. 372; *Ewen v. C. & N. W. R. Co.* 38 Wis. 613; *Johnson v. C. & N. W. R. Co.* 64 Wis. 425, 25 N. W. 223. This court at an early day gave construction to this statute. In *Potter v. C. & N. W. R. Co., supra,* at page 374, the court said:

"The plaintiff was entitled to recover such damages, not exceeding $5,000, as the jury might deem fair and just in reference to the pecuniary injury resulting from the death of the daughter, Frances L. Bishop, to her parents. The statute does not say, in terms, on what principle the damages are to be assessed. But all the authorities are to the effect that vindictive damages are not to be given; nor are they to be given for loss of society, or as a *solatium,* or for injury to feelings; but they must be founded on pecuniary loss actual or expected, and should be calculated in reference to a reasonable expectation of pecuniary benefit, as of right or otherwise, from the continuance of the life."

We think the question of damages was fairly submitted to the jury and within the limits prescribed by the decisions of this court, and we do not feel warranted in saying under the evidence that the damages are excessive. *Ewen v. C. & N. W. R. Co.* 38 Wis. 613; *Johnson v. C. & N. W. R. Co.* 64 Wis. 425, 25 N. W. 223; *Bright v. Barnett & R. Co.* 88 Wis. 299, 60 N. W. 418; *Hayes v. C., M. & St. P. R. Co.* 131 Wis. 399, 111 N. W. 471.

4. Error is claimed because the court refused to give an instruction requested to the effect that in determining whether deceased was guilty of any want of ordinary care they should take into consideration, together with all the other facts and circumstances in the case, the contents of bulletin No. 11 as received in evidence and the warnings and instructions contained therein, and any warnings conveyed to the deceased thereby of possible danger in stepping on a wire such as the span wire in question, and in instructing that this bulletin "is to be given the same force and effect as any other written or verbal statement of the duties and warnings of the dangers incident to employment as a lineman for the telephone company, which warning or instruction should have been made by those of equal experience or knowledge of the duties and dangers incident to the employment." This part of the instruction given and above quoted is criticised on the ground that it left the jury free to disregard the bulletin as a warning if they thought it did not come from the proper source. The court, however, in the charge informed the jury that the bulletin was issued by the telephone company. Counsel also criticises the following portion of the charge on contributory negligence: "If the defendant has satisfied you by preponderance of the evidence," on the ground that the jury might have inferred from this form of expression that they must be satisfied of the fact by evidence coming from defendant and its witnesses. We do not think the charge is subject to this criticism. *Hardt v. C., M. & St. P. R. Co.*

130 Wis. 512, 521, 110 N. W. 427. We find no reversible error in the record and think the judgment should be affirmed.

*By the Court.*—The judgment of the court below is affirmed.