BANDEKOW, by guardian *ad litem,* Respondent, vs. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, Appellant.

*September 10—September 29, 1908.*

*Railroads: Negligence: Injury to pedestrian from bucket attached to car: Custom.*

> Plaintiff, while walking beside defendant's railway track, was struck on the head by a bucket attached to the side of a freight car in a passing train. The bucket, nine and one-half inches in diameter, did not project more than seven inches beyond the ladder on the side of the car and, being on an ordinary box car, did not project laterally beyond the track so much as some of the larger cars which are usually present in freight trains. It was a general custom on this and other railroads to carry a bucket in this way for use in treating hot boxes. *Held,* that the carrying of the bucket in such position did not constitute negligence.

APPEAL from a judgment of the circuit court for Grant county: GEORGE CLEMENTSON, Circuit Judge. *Reversed.*

Defendant's railroad ran northerly and southerly through the village of Cassville, Wisconsin, and for several blocks was laid about the center of Front street, elsewhere one of the important streets, but within the block in question substantially uninhabited and untraveled except by pedestrians. About five feet west of the track was a row of posts eighteen inches high supporting semaphore wires. The ordinary course of travel for pedestrians was on the track or upon the ballast close to the ends of the ties, and on the west side was between the track and these semaphore wires. On the day in question a long freight train was proceeding northward on this track, and plaintiff, a boy nine and one-half years old, started to walk in the same direction between the wires and the track. According to the plaintiff and the verdict he was struck on the head by a "dope pail" attached to the side of one of the cars, knocked down, and severely injured. The jury found, by special verdict, that the presence of the dope pail on the side of the car constituted negligence on the part

of the defendant and that such negligence was the proximate cause of the plaintiff's injury.    Motions to set aside and reverse the answers to these questions were overruled, and judgment entered upon the verdict for the damages found, from which the defendant appeals.

For the appellant there was a brief by *Woodward & Lees,* attorneys, and *Lowry & Carthew,* of counsel, and oral argument by *G. M. Woodward.*

For the respondent there were briefs by *Clementson & Philipson,* and oral argument by *G. B. Clementson.*

Dodge, J.    Among some sixty-nine assignments of error is presented one question the answer to which, as we have determined upon it, is so conclusive not only of this appeal but of the final merits of the case that we shall rest the decision thereon without discussing the other assignments. That question is whether there is any evidence which can justify the affirmative answers of the jury to the two questions of the special verdict mentioned in the statement of facts, namely, whether the defendant was guilty of negligence in having the bucket upon the side of the car, and whether such negligence was the proximate cause of the plaintiff's injury.    This bucket was nine and one-half inches in diameter.    The method of attachment was by hanging the loose bail over a hand-rail in the ladder upon the side of the car, thrusting through the bail upon the inside of the round and down into the bucket a long rod of iron, which served to hold the bucket substantially against the side of the car. The ladder projected from the side of the car approximately three inches, and thus the bucket projected six and one-half or seven inches beyond the ladder, and it is very apparent from the testimony of plaintiff's two witnesses who professed to have seen the bucket that it was upon an ordinary box car, perhaps not the smallest but certainly not one of the unusually large type, such as furniture or refrigerator cars.

This train, as do nearly all long trains, contained cars of various sizes, ranging from the old-fashioned box cars carrying about 40,000 pounds capacity up to the large furniture and refrigerator cars. It was undisputed in testimony that a 50,000-pound capacity car extends nineteen inches outside of the rail, while the largest cars of 100,000 pounds capacity extend thirty-one inches. It was also in evidence, without dispute, by witnesses both those called for the plaintiff and those for defendant, that it was a general custom, not only on this road but other roads, to carry such a pail attached to some one of the cars in a long train in order to facilitate the treatment of hot boxes.

Upon this evidence, which is without dispute, we deem it entirely clear that the carriage of such pail under the circumstances cannot of itself constitute negligence. Negligence is a failure of the care ordinarily exercised by the great mass of persons under like circumstances. It was proved without contradiction that the managers and employees of railroads ordinarily carry a bucket as this was carried. How then could it be said that what was the custom of the mass of mankind was so variant from that custom as to constitute negligence? It has been held in a long array of cases that proof that the conduct of a defendant coincided with the customary method of doing the business by others under similar circumstances excludes the inference of negligence. *Boyce v. Wilbur L. Co.* 119 Wis. 642, 97 N. W. 563; *Yazdzewski v. Barker,* 131 Wis. 494, 111 N. W. 689. Such condition was fully established in this case. True, an exception is noted in the authorities, and equally well established, to the effect that a custom which is so obviously dangerous to life and limb as to be at once recognized as such by all intelligent persons cannot be justified under this rule. *Boyce v. Wilbur L. Co.* 119 Wis. 642, 648, 97 N. W. 563; *Yazdzewski v. Barker,* 131 Wis. 494, 498, 111 N. W. 689. But the manner of carrying the bucket in question clearly is open

to no such criticism.    From the measurements of cars as above stated it is obvious that the bucket did not project laterally beyond the rails further than do some of the cars which were usually if not universally present in freight trains.    It therefore offered no danger to any person far enough from the track to clear the cars ordinarily carried therein.    It would be no more menacing to one alongside the train than other objects customarily in that train.    Hence any injury from that fact was no more to be foreseen than from the cars themselves.

For the reason stated the trial court erred in refusing to grant the requests to reverse the answers to the two questions mentioned.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in favor of defendant.